# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **GIGLIANA VALOY** as Personal Representative of the **ESTATE OF OLMES GARCIA** | )<br>)<br>) |
| **Plaintiff** | )<br>) |
| v. | )<br>) |
| **E.F. CORPORATION**<br>**D/B/A WEST MOTOR FREIGHT OF PA, INC.**<br>740 South Reading Avenue<br>Boyerstown, PA 19512<br>SERVE:<br>Registered Agent VANDERMOERE & MACKLE<br>4008 West 79th Street<br>Indianapolis, IN 46268 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:23-cv-610 |
| and | )<br>) |
| **JEAN BALTHAZAR**<br>SERVE:<br>130 East Market Street<br>Laurel, DE 19956 | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

## COMPLAINT

**COMES NOW** Plaintiff, **GIGLIANA VALOY**, by and through counsel, Kyle J. Shoemaker and ChasenBoscolo Injury Lawyers, and moves this Court for a Judgment against Defendants **E.F. CORPORATION** and **JEAN BALTHAZAR,** jointly and severally, for negligence, agency/vicarious liability, and negligent entrustment, negligent hiring, negligent retention, and for the wrongful death of Olmes Garcia, in the amount of Fifteen Million Dollars ($15,000,000.00) and in support thereof states as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(1) as this action involves citizens of the State of Florida, State of Pennsylvania, and State of Delaware.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in this Judicial District.

## PARTIES

3. Gigliana Valoy is the personal representative of the Estate of Olmes Garcia and resides in the State of Florida.

4. Kiara Garcia-Valoy is the adult daughter beneficiary of the Decedent, Olmes Garcia, and resides in the State of Florida

5. A.G. is the minor child beneficiary of the Decedent, Olmes Garcia, and resides in the State of Florida.

6. Upon information and belief, Defendant Jean Balthazar (hereinafter "Defendant Balthazar") is a resident of the State of Delaware.

7. Upon information and belief, Defendant E.F. Corporation, doing business as West Motor Freight of PA, Inc., provides transportation services in and around the United States with a principal place of business in the State of Pennsylvania.

## FACTS

8. On January 30, 2022, at approximately 2:00 AM, Defendant Balthazar was driving a Freightliner Cascadia commercial motor vehicle northbound on Interstate 95 in Sussex County, Virginia.

9. At the same time, place and date, the Freightliner Cascadia that Defendant Balthazar was driving came to a stop on Interstate 95 northbound due to defective brakes and/or other reasons. It remained in the travel lane of a busy interstate in the middle of the night.

10. At the same time, place and date, Defendant Balthazar's commercial motor vehicle was unsafely stopped for reasons other than traffic control devices, lawfully installed signs or signals of law-enforcement officers.

11. At the same time, place and date, Olmes Garcia (hereinafter "Mr. Garcia") was driving a Freightliner Cascadia truck in the right travel lane of northbound on Interstate-95 in Sussex County, Virginia.

12. At the same time, place and date, Defendant Balthazar failed to place red reflectorized triangular warning devices, red flags, flares or other warning signals in the direction of traffic approaching in that lane. Defendant Balthazar failed to turn on and keep on brake lights, emergency lights, hazard warning signal flashers and/or warning lights to afford ample warning to other drivers and users of Interstate-95 northbound as to its stationary position in a travel lane on a busy interstate in the dark in the middle of the night. As a result of Defendant Balthazar's failures, Mr. Garcia collided with the rear of Defendant Balthazar's truck, proximately causing Mr. Garcia's death.

13. At the time of the collision herein described, Defendant Balthazar was driving the Freightliner Cascadia truck owned by Defendant E.F. Corporation within the scope of his employment and with their permission and consent and was the agent of Defendant E.F. Corporation.

14. At the time of the collision herein described, Defendant E.F. Corporation was a business authorized to conduct business in, and did conduct business in, the Commonwealth of Virginia.

15. At the time of the collision herein described, and upon information and belief, Defendant Balthazar was hired by Defendant E.F. Corporation to drive company-owned vehicles within the scope of his employment with Defendant E.F. Corporation.

16. At the time of the collision herein described, and upon information and belief, Defendant Balthazar was retained by Defendant E.F. Corporation to drive vehicles for E.F. Corporation within the scope of his employment with Defendant E.F. Corporation.

17. At the time of the collision herein described, and upon information and belief, Defendant Balthazar was entrusted by Defendant E.F. Corporation to drive vehicles for Defendant E.F. Corporation within the scope of his employment with Defendant E.F. Corporation.

18. At the time of the collision herein described, and upon information and belief, Defendant E.F. Corporation entrusted Defendant Balthazar to drive vehicles owned by Defendant E.F. Corporation.

19. At the time of collision herein described, Defendant Balthazar was driving the Freightliner Cascadia truck for Defendant E.F. Corporation within the scope of his employment with Defendant E.F. Corporation and with the permission and consent of Defendant E.F. Corporation.

20. Prior to the January 30, 2022 collision, Defendant Balthazar received the following infractions related to his operation of a motor vehicle:

| Date: | Location: | Charge: | Disposition (if known) |
|---|---|---|---|
| 1/23/20 | Virginia | Failure to obey highway sign where driver sleeping or resting | Prepaid |

| | | | |
|---|---|---|---|
| 2/2/17 | Maryland | Exceeding max axle weight of 34,000 lbs | Active case |
| 10/15/16 | St. Lucie Co, Florida | Driver not wearing seatbelt, careless driving | Guilty plea, Guilty plea |
| 4/20/16 | Virginia | Failure to place road flags/flares, failure to obey highway sign relating to stopped commercial motor vehicles | Prepaid, Prepaid |
| 2/2/15 | Maryland | Exceeding maximum speed: 61 in a 50 mph zone | Guilty plea |
| 1/2/13 | Virginia | Reckless speeding | Guilty |
| 5/22/07 | Georgia Cobb, Georgia | Theft by taking | Guilty plea |
| 11/28/06 | Florida | Careless Driving | Guilty |
| 2/16/06 | Botetourt, Virginia | Speeding | Prepaid |
| 1/9/06 | Mechlenberg, Virginia | Safety belt violation | Guilty in abstenia |
| 8/23/05 | Anderson Co, South Carolina | Speeding too fast for conditions | Guilty bench trial |
| 5/10/03 | Missouri | Weight on tandem axel exceeded | Guilty plea |
| 6/26/02 | Ohio Mahoning, Ohio | Speeding | Bond forfeiture |
| 10/4/00 | Monroe, Florida | Driving vehicle in unsafe condition | Guilty |
| 1/17/20 | Maryland | Exceeding maximum axel weight | Guilty plea |
| 9/27/98 | Miami-Dade Co, Florida | Felony second degree | unknown |
| 8/23/96 | Monroe, Florida | Attach registration to license plate | Pled nolo contender |

21. At the time of the collision herein described, Defendant E.F. Corporation knew or should have known Defendant Balthazar was charged with the above listed crimes and traffic violations.

22. It is Defendant Balthazar's duty to operating his vehicle in a reasonably safe manner.

23. It is Defendant Balthazar's duty to follow all traffic safety rules in effect.

24. It is Defendant Balthazar's duty to pay full time and attention and watch and see other vehicles on or near the roadway who were there to be seen.

25. It is Defendant Balthazar's duty to keep a proper lookout.

26. It is Defendant Balthazar's duty to react to changing traffic patterns.

27. It is Defendant Balthazar's duty to control his vehicle.

28. It is Defendant Balthazar's duty to avoid stopping his commercial motor vehicle on a highway for purposes other than complying with law enforcement directions, traffic control devices or lawfully installed signs.

29. It is Defendant Balthazar's duty to place reflectorized triangular warning devices, red flags, flares or other warning signals in the direction of traffic approaching in that lane when the vehicle he is driving is stopped and/or stationary in the middle of a highway to warn other drivers and users of the highway.

30. It is Defendant Balthazar's duty to turn on and keep on brake lights, emergency lights, hazard warning signal flashers and/or warning lights to afford ample warning to other drivers and users of the highway.

31. The collision occurred as a result of Defendant Balthazar's failure to follow all traffic safety rules in effect.

32. The collision occurred as a result of Defendant Balthazar's failure to pay full time and attention and watch the road and see other vehicles on or near the roadway who were there to be seen.

33. The collision occurred as a result of Defendant Balthazar's failure to keep a proper lookout.

34. The collision occurred as result of Defendant Balthazar's failure to react to changing traffic patterns.

35.     The collision occurred as a result of Defendant Balthazar's failure to control his vehicle.

36.     The collision occurred as a result of Defendant Balthazar's failure to place warning devices, red flags, flares or other warning signals in the direction of traffic approaching in that lane when the vehicle he is driving is stopped and/or stationary in the middle of a highway to afford ample warning to other drivers and users of the highway of his vehicle's stationary and/or stopped position.

37.     The collision occurred as a result of Defendant Balthazar's failure to turn on and keep on brake lights, emergency lights, hazard warning signal flashers and/or warning lights to afford ample warning to other drivers and users of the highway of his vehicle's stationary and/or stopped position.

38.     At the time of the collision, Defendant E.F. Corporation had a duty to ensure only fit and safe drivers were permitted to drive their company vehicles.

39.     At the time of the collision, Defendant E.F. Corporation had a duty to investigate Defendant Balthazar's past driving history and driving record for unfitness before being allowed to operate company vehicles.

40.     At the time of the collision, Defendant E.F. Corporation had a continuing duty to investigate Defendant Balthazar's past driving history and driving record for unfitness as a driver of company vehicles.

41.     At the time of the collision, Defendant E.F. Corporation had a duty to ensure Defendant Balthazar would drive safely in the scope of his employment with Defendant E.F. Corporation.

42. At the time of the collision, Defendant E.F. Corporation had a duty to ensure Defendant Balthazar would not injure and/or cause the death of others when driving company vehicles in the scope of his employment with Defendant E.F. Corporation.

43. At the time of the collision, Defendant E.F. Corporation had a duty to refrain from hiring unsafe drivers.

44. At the time of the collision, Defendant E.F. Corporation had a duty to refrain from retaining unsafe drivers.

45. The collision occurred because Defendant E.F. Corporation breached these duties by allowing an unfit and unsafe driver, Defendant Balthazar, to operate company vehicles.

46. The collision occurred because Defendant E.F. Corporation breached these duties by failing to investigate Defendant Balthazar's significant prior driving history and driving record (see above) before allowing him to operate company vehicles in the scope of his employment.

47. The collision occurred because Defendant E.F. Corporation breached these duties by failing to periodically investigate Defendant Balthazar's driving history and driving record while he was permitted to operate company vehicles.

48. The collision occurred because Defendant E.F. Corporation breached these duties by failing to ensure Defendant E.F. Corporation would safely drive company vehicles in the course of his employment with Defendant E.F. Corporation.

49. The collision occurred because Defendant E.F. Corporation breached these duties by failing to ensure Defendant Balthazar would not injure or cause the death of others while driving company vehicles in the course of his employment with Defendant E.F. Corporation.

50. The collision occurred because Defendant E.F. Corporation breached these duties by choosing to hire Defendant Balthazar despite his extensive unsafe past driving history and known propensities of putting others at risk while driving.

51. The collision occurred because Defendant E.F. Corporation breached these duties by choosing to retain Defendant E.F. Corporation despite Defendant Balthazar's extensive unsafe past driving history and known propensities of putting others at risk while driving.

52. The collision occurred because Defendant E.F. Corporation breached these duties by choosing to entrust a company vehicle, a Freightliner Cascadia truck, to Defendant Balthazar despite his extensive unsafe past driving history and known propensities of putting others at risk while driving.

53. As a direct and proximate result of the conduct of the Defendants and their breaches of the above duties and negligence, agency/vicarious liability and negligent entrustment, hiring and retention, Olmes Garcia suffered severe, permanent, and uncompensated damages resulting in his death. Kiara Garcia-Valoy and A.G., the surviving children of Olmes Garcia, deceased, have suffered and will continue to suffer sorrow, mental anguish, and solace, including but not limited to loss of society, loss of comfort, loss of guidance, and kindly offices and advice of Olmes Garcia. These damages caused and continue to cause the Estate of Olmes Garcia, to lose the income of Mr. Garcia, as well as incur funeral expenses due to Mr. Garcia's injury and death.

54. Olmes Garcia neither contributed to the violation of the safety rules which caused this collision, nor assumed the risk of the injuries sustained.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT BALTHAZAR

55. Gigliana Valoy incorporates the allegations of paragraphs one (1) through fifty-three (54) above and in addition, avers that Defendant Balthazar's negligence, as set forth above, proximately caused harm to Olmes Garcia, thus justifying the award of monetary damages against him.

## COUNT II
## AGENCY/VICARIOUS LIABILITY AGAINST DEFENDANT E.F. CORPORATION

56. Gigliana Valoy hereby incorporates the allegations of paragraphs one (1) through fifty-five (55) above and in addition, avers that Defendant E.F. Corporation is vicariously liable for the negligence of their employee/agent, Defendant Balthazar, while acting within the scope of his employment with their permission and consent, as set forth above, that proximately caused harm to Olmes Garcia, thus justifying the aware of monetary damages against it.

## COUNT III
## NEGLIGENT HIRING AGAINST DEFENDANT E.F. CORPORATION

57. Gigliana Valoy hereby incorporates the allegations of paragraphs one (1) through fifty-six (56) above and in addition, avers that Defendant E.F. Corporation's hiring of Defendant Balthazar despite his past driving history, dangerous propensities, and the foreseeability to injure others, as set forth above, proximately caused harm to Olmes Garcia and constitutes negligent hiring, thus justifying the award of monetary damages against it.

## COUNT IV
## NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT E.F. CORPORATION

58. Gigliana Valoy hereby incorporates the allegations of paragraphs one (1) through fifty-seven (57) above and in addition, avers that Defendant E.F. Corporation entrusting Defendant Balthazar, an employee of Defendant E.F. Corporation, to drive a vehicle for Defendant E.F. Corporation, despite having known or should have known that he was an unfit driver and that his

unfitness was a proximate cause of the collision and Mr. Garcia's injuries, as set forth above, constitutes negligent entrustment, thus justifying the aware of monetary damages against it.

## COUNT V
## NEGLIGENT RETENTION AGAINST DEFENDANT E.F. CORPORATION

59. Gigliana Valoy hereby incorporates the allegations of one (1) through fifty-eight (58) above and in addition, avers that Defendant E.F. Corporation's retention of Defendant Balthazar as an employee of Defendant E.F. Corporation, despite knowing or should have known about his driving history and foreseeability to injure others, as set forth above, proximately caused harm to Olmes Garcia and constitutes negligent retention, thus justifying the award of monetary damages against it.

## COUNT VI
## WRONGFUL DEATH AGAINST DEFENDANT BALTHAZAR

60. Gigliana Valoy hereby incorporates the allegations of one (1) through fifty-nine (59) and in addition, avers that Defendant Balthazar's negligence proximately caused Olmes Garcia to suffer grievous bodily injury resulting in his death.

61. As a direct and proximate result of Defendant Balthazar's negligence in causing the death of their father, Kiara Garcia-Valoy and A.G. sustained and will continue to sustain physical and mental anguish, emotional pain and suffering, loss of companionship, sorrow and solace, including loss of society, loss of comfort, loss of guidance, and kindly offices and advice, and other damages under Virginia law.

62. Defendants, jointly and severally, evinced a conscious disregard for the rights of the decedent, Olmes Garcia and his dependants and, they willfully and wantonly disregarded that knowledge.

63. Pursuant to Virginia Code § 8.01-53, the beneficiaries are Kiara Garcia Valoy adult daughter of Olmes Garcia and Gigliana Valoy as personal representative of the Estate of Olmes Garcia, on behalf of A.G., the minor child of Olmes Garcia.

## COUNT VII
## WRONGFUL DEATH AGAINST DEFENDANT E.F. CORPORATION

64. Gigliana Valoy hereby incorporates the allegations of one (1) through sixty-three (63) and in addition, avers that Defendant E.F. Corporation's negligence proximately caused Olmes Garcia to suffer grievous bodily injury resulting in his death.

65. As a direct and proximate result of Defendant E.F. Corporation's negligence in causing the death of their father, Kiara Garcia-Valoy and A.G. sustained and will continue to sustain physical and mental anguish, emotional pain and suffering, loss of companionship, sorrow and solace, including loss of society, loss of comfort, loss of guidance, and kindly offices and advice, and other damages under Virginia law.

66. Defendants, jointly and severally, evinced a conscious disregard for the rights of the decedent, Olmes Garcia and his dependants and, they willfully and wantonly disregarded that knowledge.

67. Pursuant to Virginia Code § 8.01-53, the beneficiaries of the decedent are Kiara Garcia Valoy, daughter of Olmes Garcia and Gigliana Valoy as personal representative of the Estate of Olmes Garcia, on behalf of A.G., the minor child of Olmes Garcia.

**WHEREFORE**, Plaintiff Gigliana Valoy demands judgment against Defendants Jean Balthazar and E.F. Corporation, jointly and severally, for compensatory damages in the amount of Fifteen Million Dollars ($15,000,000.00), plus interest and costs, and for such other and further relief as the nature of this case may require.

**A TRIAL BY JURY IS REQUESTED IN THIS MATTER.**

Respectfully submitted,

**GIGLIANA VALOY, Personal Representative of The ESTATE OF OLMES GARCIA**

**CHASEN**BOSCOLO INJURY LAWYERS


 /s/_____
Kyle J. Shoemaker (VSB: #97977)
**CHASEN**BOSCOLO Injury Lawyers
7852 Walker Drive Suite 300
Greenbelt, MD 20770
301-220-0050 (telephone)
301-474-1230 (fax)
kshoemaker@chasenboscolo.com
*Counsel for Plaintiff*