IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GIGLIANA VALOY, as personal representative of The Estate of OLMES GARCIA,<br><br>                 Plaintiff,<br><br>v.<br><br>E.F. CORPORATION,<br><br>and<br><br>JEAN BALTHAZAR<br><br>                 Defendants. | Civil Action No.: 3:23-cv-610 |

**JOINT PETITION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT**

    NOW COME Defendants, E.F. Corporation and Jean Balthazar ("Defendants"), and Plaintiff, Gigliana Valoy, Administrator of the Estate of Olmes Garcia, Deceased ("Plaintiff"), by undersigned counsel, and pursuant to Va. Code Ann. §§ 8.01 – 55 and 8.01 – 424[1], and hereby jointly petition this Honorable Court for approval of the compromise settlement of Plaintiff's claims for death by wrongful act on behalf of the Estate of Olmes Garcia, and claims related thereto, and in support thereof states as follows:

    1.    On or about January 30, 2022, the Plaintiff's decedent Olmes Garcia died as the result of an incident which occurred on Interstate 95 in Sussex County, Virginia ("the Incident").

    2.    On April 3, 2025, Plaintiff, qualified as Administrator of the Estate of Olmes

---

[1] The parties, by counsel, stipulate that the present venue is the appropriate Court in which the action was brought, in accordance with the terms of Va. Code. Ann. § 8.01-55.

Garcia.

3. Plaintiff's claims for death by wrongful act arising from the Incident are presently in dispute, and the parties acknowledge these disputed claims, for which liability is denied, and the Plaintiff, Defendant, and all interested parties, hereby wish to resolve their differences with respect to these disputed claims.

4. The Plaintiff, Defendants, and all interested parties have agreed to a compromise settlement for any and all claims related to the alleged wrongful death of Decedent Olmes Garcia, and the terms associated with the settlement have been incorporated into a Release of All Claims, which the Petitioners, and all interested parties, by counsel, pray be incorporated herein by reference, and made a part of the Order approving the compromise settlement at issue herein. In pertinent part, for good and valuable consideration and promises contained therein, the parties have agreed to the following material terms of settlement:

I. Defendant shall pay the Estate of Olmes Garcia and its counsel the sum of One Million Three Hundred Twenty Thousand One Hundred Fifty Five Dollars and Twenty Eight Cents ($1,320,155.28) and the defendants shall also fund a structured settlement annuity in the amount of $629,844.72 all pursuant to an agreed upon Release of All Claims attached hereto as <u>Exhibit A</u>. The foregoing sums will be paid within 30 days from the date on which this Court approves the settlement herein and provides final payment instructions but in no event shall the structured settlement annuity be funded later than 07/24/2025.

II. In exchange for the funds referenced in paragraph I, Plaintiffs and the parties to the Release shall hereby release any and all claims arising from the incident occurring on January 30, 2022, against the Released Parties identified in <u>Exhibit A</u>.

III. Plaintiffs shall be responsible for any unpaid invoices, bills or liens arising from the incident on January 30, 2022, and will hold Defendants and the related parties identified in Exhibit A harmless for the same.

IV. The Parties shall bear their respective costs incurred in this matter.

5. At the time of his death, Olmes Garcia was survived by his daughters, Kiara Garcia-Valoy, and Angelica Garcia-Valoy all of whom held as a permanent residence 2813 Charing

Cross Way, Orlando, FL 32837 at the time of the death of the Decedent.

   6. Thus, pursuant to Va. Code Ann. § 8.01-53, Olmes Garcia's statutory beneficiaries include Plaintiff, and her daughters, Kiara Garcia-Valoy and Angelica Garcia-Valoy. The aforementioned individuals are the only persons entitled under Virginia law to share in any recovery on account of the death of Olmes Garcia.

   The Estate of Olmes Garcia has been represented by John Everett, Esq., Kyle J. Shoemaker, Esq. and Katherine L. Beale, Esq. of ChasenBoscolo Injury Lawyers, and all legal fees and expenses will be paid from the compromise settlement.

   7. Plaintiff and Defendants jointly submit that this proposed compromised settlement, and the payment of the settlement funds to the Estate of Olmes Garcia as outlined in part herein, and in the Order and Release referenced herein, is reasonable, fair, and in the best interest of all parties in view of the nature of liability asserted, the insurance coverage available, and the damages sustained.

   8. Plaintiff, as Administrator of the Estate of Olmes Garcia, knowing the uncertainty of litigation and expenses involved herein, and taking into consideration all of those facts concerning the subject incident, and the legal implications of those facts, consider the settlement described herein, and in the Order and Release referenced herein, to be fair under the circumstances, and in the best interests of the beneficiaries of the Estate of Olmes Garcia.

   9. Plaintiff, and all interested parties hereto further represent that upon approval by this Court of this compromise settlement, the full and binding Release referenced herein shall forever discharge E.F. Corporation, Jean Balthazar, Evans Delivery Company, West Motor Freight of PA, Inc., Farius Transport, Inc., ACE American Insurance Company, Sedgwick Claims Management Services, and any entity related thereto, their insurers, heirs, executors, agents,

principals and assigns, and any and all other persons and entities (the "Released Parties") from any and all liability for the claims of the Estate of Olmes Garcia, known or unknown, arising out of the incident of January 30, 2022, and the injuries to, and death of, Olmes Garcia.

10. Plaintiff, and all interested parties hereto, further represent that upon approval by this Court of this compromise settlement, the full and binding Release referenced herein shall be incorporated by reference into a final Order and will release the Released Parties, and any entity related thereto, their heirs, executors, agents, insurers, principals and assigns, and any and all other persons and entities, fully and finally of and from any and all past, present and future actions, causes of action, claims, wrongful death damages claims, demands, damages, costs, loss of services, expenses, subrogation rights, attorney liens, compensation claims, third-party actions, suits at law or in equity, including claims or suits for contribution and/or indemnity, of whatever nature, on account of, or in any way related to, the incident of January 30, 2022, and the injuries to and/or death of Olmes Garcia.

11. The Defendants, Plaintiff, and all interested parties hereto further represent that the Court's approval of this Petition shall constitute a full and final adjudication of this action on its merits and that the terms herein shall be binding upon all parties, and that the Defendant shall be under no obligation to see to the proper disbursement of any settlement funds once those funds have been disbursed pursuant to the final Order herein.

12. Therefore, the parties, by the undersigned counsel, jointly petition this Honorable Court for approval and ratification of this proposed compromise of claim for death by wrongful act.

13. Plaintiff requests that the settlement funds be distributed in accordance with the endorsed Release of All Claims, attached hereto as Exhibit A, and the parties' Joint Proposed Final

Order which is filed concurrently herewith as Exhibit B.

14. The proposed Order includes additional language in the last two paragraphs to safeguard the minor's structured settlement Periodic Payments. The language contained in the second to the last paragraph of the proposed Order is also included as a term of the negotiated Release of All Claims and similar to language that is contained in other structured settlement agreements. The Commonwealth of Virginia has enacted legislation through its Structured Settlement Protection Act (Virginia Code Ann. § 59.1-476 - Approval of transfers of structured settlement payment rights). In support of this request, the Plaintiff attach a copy of this Act with the relevant section highlighted, which the Plaintiff believes gives this Court such authority (Exhibit C). Accordingly, the undersigned request this Court include this language to provide an additional safeguard for the minor's settlement funds.

WHEREFORE, the Defendant, Jean Balthazar, E.F. Corporation, and the Plaintiff Gigliana Valoy, Administrator of the Estate of Olmes Garcia, jointly file this Petition pursuant to §§ 8.01-55 and 8.01-424 of the Code of Virginia, and pray that all interested parties be convened before this Court, that the compromise be approved, and that the settlement be paid and distributed as outlined in the presented Final Order and Release filed concurrently herewith.

Respectfully submitted,

DATED: June 18, 2025

GIGLIANA VALOY, as personal representative of The Estate of OLMES GARCIA,

and

E.F. CORPORATION AND
JEAN BALTHAZAR

/s/ Paul R. Schmeding
Scott C. Hartin, Esquire
Virginia Bar Number 80450
Paul R. Schmeding, Esquire
Virginia Bar Number 89542
Attorneys for the Defendants
McKenry Dancigers Dawson, P. C.
192 Ballard Court, Suite 305
Virginia Beach, Virginia 23462
Telephone: (757) 461-2500
Facsimile: (757) 461-2341
SCHartin@va-law.com
PRSchmeding@va-law.com

/s/ Kyle Shoemaker
John Everett, Esq.
Virginia Bear Number 44038
Kyle J. Shoemaker
Virginia Bar Number 97977
Katherine L. Beale, Esq.
Virginia Bar Number 99027
Attorneys for the Plaintiff
CHASENBOSCOLO Injury Lawyers
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
kshoemaker@chasenboscolo.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of June, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

/s/ Paul R. Schmeding
Scott C. Hartin, Esquire
Virginia Bar Number 80450
Paul R. Schmeding, Esquire
Virginia Bar Number 89542
Attorneys for the Defendants
McKenry Dancigers Dawson, P. C.
192 Ballard Court, Suite 305
Virginia Beach, Virginia 23462
Telephone: (757) 461-2500
Facsimile: (757) 461-2341
*SCHartin@va-law.com*
*PRSchmeding@va-law.com*
